UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN OBERUCH, JR., | Civil Action No. 17-814 BRM-DEA |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| THE STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court on a Motion by *pro se* Plaintiff John Oberuch Jr. ("Plaintiff") to Amend the Complaint. ECF No. 20. As no defendant has filed a responsive pleading, there has been no opposition. The Court has fully reviewed the submission of the Plaintiff and considers same without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's request for leave to Amend the Complaint is **DENIED**.

I. **Background**[1]

Plaintiff filed his Complaint on February 7, 2017, alleging aspects of his treatment at Trenton Psychiatric Hospital violated his rights under 42 U.S.C. § 1983, "the U.S. Torture Act, the Bill of Attainder Clause of the U.S. Constitution, and the Fifth and Fourteenth Amendments to the U.S. Constitution guaranteeing Due Process and Equal Protection to all citizens." ECF No. 1 at pp.1-2. Specifically, Plaintiff alleges, among other things, that he "was committed to the Trenton Psychiatric Hospital…based on false information," during which time he was "attacked

---

[1] The following facts are taken primarily from Plaintiff's Complaint, ECF No. 1, and Plaintiff's First Amended Complaint, ECF No. 14, and are assumed true for purposes of this Memorandum.

with directed energy weapons and mind control technology….." Id. He named as defendants the State of New Jersey and Trenton Psychiatric Hospital. Id.

Plaintiff filed a Motion to Amend the Complaint in May 2018, seeking to add 76 defendants and an 87-page Complaint that included 40 pages of so-called reference articles. ECF No. 8. This Court granted the Motion to Amend, concluding that since Fed. R. Civ. P. 15(a) provides that a plaintiff may file an Amended Complaint as a matter of course "until 21 days after a responsive pleading (or motion) is filed…which, to date, has still not occurred" that "Plaintiff's proposed amended complaint shall govern as the operative complaint in this action." ECF No. 13 at p.2.

Having exhausted his right to file an amended complaint "as a matter of course," five months ago, and more than a year and nine months after filing his initial Complaint, Plaintiff again moves to amend the Complaint. ECF No. 20.

II. **Analysis**

  a. **Legal Standard**

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading: "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Once a Plaintiff has amended his complaint as a matter of course, the rule provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave when justice so requires." Id. That said, the decision to grant leave to amend rests within the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330 (1970). In determining a

motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See* Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (*quoting* Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III. Discussion

Having considered the relevant factors, the Court will deny Plaintiff's motion. As an initial matter, the Court finds the proposed Amended Complaint fails to comply with Federal Rule of Civil Procedure 8. The Federal Rules of Civil Procedure require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). Here, Plaintiff's proposed Amended Complaint violates Rule 8(a) and (d). As one court has noted, "a plaintiff properly pleads a claim for relief by briefly describing the events supporting the claim.…The statement of the claim should be short because unnecessary length places an unjustified burden on the court and on the party who must respond to it.…" Hines v. Corr. Mental Health Program, No. 14-13619, 2015 WL 3870614, at *3 (E.D. Mich. Mar. 30, 2015), report and recommendation adopted sub nom. Hines v. Michigan Dep't of Corr., No. 14-CV-13619, 2015 WL 3870810 (E.D. Mich. June 23, 2015) (internal quotations omitted); *see also* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1281 at 707 (3d ed.2010)).

A review of the proposed Second Amended Complaint compared with the First Amended Complaint shows that the First Amended Complaint contains 140 numbered paragraphs, while in the proposed Second Amended Complaint that number rises to 155. Conversely, the First

Amended Complaint named 78 Defendants, while the proposed Second Amended Complaint winnows that number down to nine. That said, the essential narrative of events beginning in 1987 contained in the proposed Second Amended Complaint remains in many ways little changed from the First Amended Complaint.

A review of the docket shows that two months before the instant Motion was filed Plaintiff received from the Clerk of the Court summons to serve on each of the 78 Defendants named in the First Amended Complaint. ECF No. 18. There is no indication on the docket as to whether those summons have been served. What is clear is that none of the 78 Defendants have filed an Answer, Motion to Dismiss or any other responsive pleading. Yet five months after adding those 76 Defendants to the two Defendants named in the original Complaint, and two months after receiving summons for all the Defendants, Plaintiff now seeks to pare that number to nine. Plaintiff does not explain why he seeks to drop 69 named Defendants—for whom he already has received summons from the Clerk of the Court. If Plaintiff wishes to reduce the number of Defendants, Plaintiff could voluntarily dismiss those Defendants from the action without having to amend the First Amended Complaint.

Regardless, the Court concludes the motion also should be denied on grounds of futility because, while the proposed Second Amended Complain would shrink the number of Defendants, the grounds on which Plaintiff bases the alleged violations of his rights have ballooned. In the Complaint, Plaintiff alleged violations of his rights under 42 U.S.C. § 1983, "the U.S. Torture Act, the Bill of Attainder Clause of the U.S. Constitution, and the Fifth and Fourteenth Amendments to the U.S. Constitution guaranteeing Due Process and Equal Protection to all citizens." ECF No. 1 at pp.1-2. In the First Amended Complaint, Plaintiff grounded jurisdiction for his claims in the following: 42 U.S.C. § 1983; the U.S. Torture Act; the Federal

Tort Claims Act; Americans with Disabilities Act; the Rehabilitation Act of 1973; the Bill of Attainder Clause of the U.S. Constitution; the Universal Declaration of Human Rights; the Fifth and Fourteenth Amendments to the U.S. Constitution; Anti-Racketeering Laws; the Geneva Conventions; Applicable Anti-Stalking Laws; the Fourteenth Amendment's prohibition against other governmental misdeeds requiring a search warrant; 18 U.S. § 2241; the First Amendment right to free speech; Civil Rights Law; Applicable Hate Crimes Laws; the Eighth Amendment's prohibition against Cruel and Unusual Punishment; Criminal conspiracy laws; All applicable privacy laws; All applicable libel and defamation laws. ECF No. 14 at p.11.

In the proposed Second Amended Complaint, Plaintiff proposes adding 10 further grounds, including: The War Crimes Act; the Nuremburg Code; the Helsinki Declaration of 1964; the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment of 1984; the National Research Act, pl. 93-348; Commission for the Protection of Human Subjects of Biomedical and Behavioral Research of 1974; the Belmont Report of 1976; pl. 95-622-the President's Commission for the Study of Ethical Problems in Medicine and Biomedical and Behavioral Research in 1978; and President Clintons (sic) Advisory Committee on ionizing Radiation Experiments of 1994 (Executive Order 12333). ECF No. 20-1 at pp.5-7. Plaintiff simply does not explain how this Court could grant relief based on alleged violations of, say, President Clinton's Advisory Committee on Ionizing Radiation Experiments of 1994, or the Belmont Report of 1976, or even the Nuremburg Code.

Finally, the Court also concludes that the motion is untimely. Plaintiff's initial Motion to Amend was made 15 months after the filing of the initial Complaint. After having had 15 months to reflect on and refine the initial Complaint, Plaintiff has decided a mere six months later that June 2018's First Amended Complaint "does not allege enough facts to state a claim against

most of its 78 defendants." ECF No. 21-1. Plaintiff further states that in the First Amended Complaint "many of the defendants are misnomers or mislabeled." Id. Plaintiff does not explain how he reached these conclusions, nor how the proposed Second Amended Complaint corrects these deficiencies beyond reducing the number of Defendants. A review of the docket shows that there has been no other movement in the litigation. Summons have been granted, but there is no indication those summons have been served, and none of the 78 Defendants have filed either an Answer, Motion to Dismiss or other responsive pleading. What is clear to the Court is that Plaintiff should have been aware before June 2018 of the facts comprising his proposed Second Amended Complaint. While the Court is cognizant of the challenges of pursuing litigation as a *pro se* Plaintiff, the delay here was excessive and unwarranted.

III. **Conclusion and Order**

For the reasons stated above,

IT IS on this 6th day of March 2019,

**ORDERED** that Plaintiff's motion for leave to Amend his Complaint [ECF No. 20] is **DENIED**; and it is further

**ORDERED** that in the event Plaintiff intends to dismiss his claims against any of the currently named Defendants, he must file a Notice of Voluntary Dismissal identifying those Defendants within 30 days; and it is further

**ORDERED** that, Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must serve the named Defendants within 45 days from the date of this Order or show good cause why service has not been made. Failure to timely serve Defendants may result in the dismissal of Plaintiff's First Amended Complaint.

s/ Douglas E. Arpert

DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE