UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN OBERUCH, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF NEW JERSEY *et al.*, <br><br> Defendants. | Civil Action No. 17-814 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on pro se Plaintiff John Oberuch, Jr.'s ("Oberuch") unopposed Motion to Reopen his case. (ECF No. 42.) The Court provides a brief overview of the relevant procedural posture. On June 18, 2020, the Court issued a Notice of Call for Dismissal under Local Civil Rule 41.1(a) because of Oberuch's lack of prosecution of his case. (ECF No. 34.) The Clerk timely attempted to mail Oberuch a copy of the Notice of Call for Dismissal. (ECF No. 35.) Following Oberuch's failure to respond to the Court's notice of dismissal, on July 6, 2020, the Court dismissed without prejudice Oberuch's case (the "Dismissal Order"). (ECF No. 36.) The Clerk timely attempted to mail Oberuch a copy of the Court's Dismissal Order. (*See* ECF Nos. 37, 38.) On September 3, 2020, Oberuch appealed the Court's Dismissal Order to the U.S. Court of Appeals for the Third Circuit but did not pay the filing fee or attach an application to proceed *in forma pauperis*. (ECF No. 39.) As a result, on October 21, 2020, the Third Circuit dismissed Oberuch's appeal for failure to pay the filing fee. (ECF No. 41.)

Almost nine months after appealing the Dismissal Order, Oberuch filed the instant Motion. (ECF No. 42.) In his Motion, Oberuch asserts that the Court should reopen his case because he was in a "mental hospital" and therefore could not respond to the Notice of Call for Dismissal.

(Mot. 1, ECF No. 42.) Oberuch's Motion also asserts that he received notice of the Dismissal Order on October 21, 2020, that Defendants displaced his mail, and that he first read of the Dismissal Order on July 3, 2021. (*Id.*)[1] Defendants did not respond to Oberuch's Motion.

Oberuch does not indicate the legal grounds for which the Court can afford him relief. Liberally construing Oberuch's Motion, the Court views it as a request for relief under Federal Rule of Civil Procedure 60(b)(6).[2] Under that Rule, the court may, "[o]n motion and just terms, . . . relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Rule also requires that litigants file motions "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Here, Oberuch appears to justify relief based on his hospitalization. Notably, however, Rule 60(b)(6) provides for "extraordinary relief" and requires proof of "exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)). To be sure, pro se status alone is insufficient to justify relief under this standard. *See Story v. Braxton*, 2014 WL 644695, at *3 (D.N.J. Feb. 19, 2014) ("[C]ourts have held that pro se status is not an extraordinary circumstance." (listing cases)).

---

[1] The Court notes that Oberuch's Motion is unclear as to whether Oberuch did not receive notice of the Dismissal Order. The Motion appears to reference the Third Circuit's October 21, 2020 dismissal of Oberuch's appeal and notes that 245 days have elapsed since Oberuch's receipt of that dismissal. (Mot. 1.) Out of an abundance of caution, however, the Court will analyze Oberuch's Motion as applying to the Court's Dismissal Order.

[2] Although the Court dismissed Oberuch's claims without prejudice in its Dismissal Order, the Dismissal Order is a final order. That is so because Oberuch's claims appear to be time-barred as of the date of the non-conditional Dismissal Order. *See Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) ("Ordinarily, an order dismissing a complaint without prejudice is not a final and appealable order. This principle, however, does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice. A 'statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice,' as 'the original complaint is treated as if it never existed.'" (internal citation omitted) (quoting *Cardio-Med. Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983))).

Oberuch fails to make a showing of extraordinary circumstances. Although he avers that hospitalization in a mental institution prevented him from responding to the Notice of Call for Dismissal or Dismissal Order, Oberuch was able to file an appeal within two months of the Court's Dismissal Order. (*See* Notice of Appeal, ECF No. 39.) That filing indicates that Oberuch was aware of the activity on the docket. For the same reasons, the Court finds that Oberuch has not filed the present Motion within a reasonable time, as required by Rule 60. Simply put, if Oberuch was able to file an appeal in September 2020, he should have also been able to file this motion. *See Wallace v. Hayman*, No. 09-5644, 2012 WL 3916955, at *2 (D.N.J. Sept. 7, 2012) (denying pro se plaintiff's Rule 60(b)(6) motion where plaintiff "was able to institute this action and engage in motion practice while incarcerated" (citing *Pabon v. Lemaster*, 408 F. App'x 508, 509 (3d Cir. 2010))). The Court thus finds that Oberuch has not alleged extraordinary circumstances warranting relief under Rule 60(b)(6). *See Riffin v. Forest City Ratner Co.*, No. 16-4433, 2020 WL 8182839, at *1 (D.N.J. Jan. 6, 2020) (denying Rule 60(b) motion where it provided "no cognizable reasons" and "no case law" to support Rule 60(b)'s application).[3]

**IT IS THEREFORE**, on this 8th day of November 2021, **ORDERED** as follows:

1. Oberuch's Motion to Reopen (ECF No. 42) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] For the same reasons, to the extent the Court construes Oberuch's Motion as a Rule 60(b)(1) motion for "mistake, inadvertence, surprise, or excusable neglect," the Court does not find Oberuch's neglect excusable.